UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM O'HARA,

          Plaintiff,

   v.

DEVON BECK, et al.,

          Defendants.

Civil Action No. 25-3753 (TJK)

## STATUS REPORT OF DEFENDANT BECK

Defendant Devon Beck, through undersigned counsel, respectfully submits the following status report:

1.      Plaintiff filed the Complaint on October 23, 2025, naming Defendant Beck and other defendants. Compl. (ECF No. 1). Plaintiff alleges that Defendant Beck is an Ohio National Guard soldier deployed to the District of Columbia as part of Joint Task Force–District of Columbia ("Joint Task Force"). Compl. (ECF No. 1) ¶¶ 17–27. Plaintiff filed a return of service reflecting service on Defendant Beck on December 20, 2025. Return of Service (ECF No. 9). The docket entry for that return of service reflects an "answer due" date of January 10, 2026. Return of Service (ECF No. 9).

2.      On January 17, 2026, the Department of Justice approved individual representation for Defendant Beck.

3.      Plaintiff pleads this case as arising under 42 U.S.C. § 1983 and asserts that the federal Joint Task Force operations "served to enforce District law," while also alleging that the mission was initiated by a presidential memorandum directing the Secretary of Defense to deploy the D.C. National Guard and seek out-of-district Guard support. 42 U.S.C. § 1983; Compl. (ECF No. 1) ¶¶ 17–19. Section 1983 provides a cause of action only for deprivations committed under color of state law. 42 U.S.C. § 1983; *District of Columbia v. Carter*, 409 U.S. 418, 424–25

(1973). A damages claim alleging a federal official violated the Constitution while acting under color of federal authority is properly analyzed, if at all, under *Bivens* rather than 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); *Butz v. Economou*, 438 U.S. 478, 504 (1978).

4.      The Complaint's own factual allegations, together with publicly filed materials Plaintiff relies upon, indicate that Defendant Beck's alleged conduct occurred within a federally directed mission framework rather than purely "under color" of state law. Compl. (ECF No. 1) ¶¶ 17–22, 26–27; *District of Columbia v. Trump*, No. 25-3005, Decl. of Col. Lawrence M. Doane (ECF No. 34-1) ¶¶ 4, 7–10, 12–13 (D.D.C. Sept. 16, 2025) ("Doane Decl."). The Complaint alleges that the President ordered the Secretary of Defense to deploy the D.C. National Guard and seek additional support from state National Guards, and that the federal Joint Task Force was created in response to perform law enforcement support activities in the District. Compl. (ECF No. 1) ¶¶ 17–18. The Doane Declaration describes the federal Joint Task Force's mission as providing support to law-enforcement agencies, including federal law-enforcement partners and the District's Metropolitan Police Department, as part of Operation "Make DC Safe and Beautiful," and states that the federal Joint Task Force "conducts operations in accordance with employment guidance issued" in a Secretary of Defense memorandum. Doane Decl. ¶ 4. The Doane Declaration further explains that out-of-district forces (including Ohio) are assigned tasks by the federal Joint Task Force and "only participate in law enforcement support tasks" through that tasking structure. Doane Decl. ¶¶ 8–9.

5.      Where a United States officer or employee is sued in an individual capacity "for an act or omission occurring in connection with duties performed on the United States' behalf," Rule 4 requires service both on the individual and on the United States. Fed. R. Civ. P. 4(i)(3). In that posture, the time to respond is sixty days from the later of service on the individual or service on the United States. Fed. R. Civ. P. 12(a)(3). Officers and employees of the United States sued personally are afforded 60 days to respond to the complaint to ensure that they have the opportunity to request Department of Justice representation under 28 C.F.R. § 50.15, if they so

choose. *See* Fed. R. Civ. P. 12(a)(3), advisory committee's notes to 2000 amendment (60-day response period for federal officers sued personally allows "the United States to determine whether to provide representation to the defendant officer").

6.    The docket reflects service on Defendant Beck on December 20, 2025, but does not reflect completed service on the United States under Rule 4(i). Return of Service (ECF No. 9); Fed. R. Civ. P. 4(i)(1)–(3). The United States Attorney for the District of Columbia has no record of service from Plaintiff.

7.    Rule 4(m) requires Plaintiff to accomplish that service under Rule 4(i) within 90 days after filing the Complaint on October 23, 2025, absent an extension for good cause or the Court's discretionary enlargement of time. Compl. (ECF No. 1); Fed. R. Civ. P. 4(m). Counting time under Rule 6(a), the 90-day service deadline for service required by Rule 4(m) falls on January 21, 2026. Fed. R. Civ. P. 6(a)(1); Fed. R. Civ. P. 4(m).

Dated:  January 20, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____*/s/ Brian C. Tracy*_____
     Brian C. Tracy
     Special Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202) 252-7113
     brian.tracy@usdoj.gov

*Attorneys for the United States of America*