UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SAM O'HARA,

                Plaintiff,

    v.                                                   No. 1:25-cv-3753

DEVON BECK, et al.,

                Defendants.

**PLAINTIFF'S OPPOSITION TO RELIEF REQUESTED IN "STATUS REPORT"**

Plaintiff Sam O'Hara opposes the order that Defendant Devon Beck proposes in ECF 15, styled "Status Report of Defendant Beck."

The relief Beck requests—that O'Hara be required to serve him within one day as if he were a federal officer, or face dismissal—is inappropriate for three reasons, each of which independently justifies denial of Beck's requested relief.

**1.** First, the Status Report, despite its label, is functionally a motion, in that it is "[a] request for a court order." Fed. R. Civ. P. 7(b)(1). Such a request "must be made by motion." *Id.* As a motion, Beck's "Status Report" is procedurally improper because Beck has failed to comply with Local Civil Rule 7(m): specifically, he has not consulted with undersigned counsel about this motion or reported that O'Hara opposes the relief Beck requests.

Beck's proposed relief should be denied on this ground alone.

**2.** Second, Beck's motion presents as fact a crucial and disputed premise that has not yet been tested in this Court: that Beck is acting under color of federal law, not state law as O'Hara pleaded. O'Hara is prepared to show that Beck's premise is mistaken and, accordingly, that service was proper and that Beck is subject to suit under § 1983. O'Hara's position, in brief, is that Beck

1

was acting under color of Ohio law chiefly because the source of authority under which Beck was operating was Ohio law and he remained under the direction of the Governor of Ohio. Under Title 32, the Governor remains the commander of the National Guard and retains the power to deploy Guard members and define the scope of their mission. *See Ass'n of Civilian Technicians, Inc. v. United States*, 603 F.3d 989, 993 (D.C. Cir. 2010). And as the Complaint in this case makes clear, the Governor of Ohio in fact retained control over Ohio National Guard members in the District. *See* ECF 1, ¶¶ 23-26. O'Hara provides this summary not to suggest the Court rule on this dispute now, but to indicate why this important and potentially dispositive issue warrants full briefing.

The procedurally appropriate means to present this substantive legal dispute to the Court for resolution is not to file a status report but for Defendant Beck to move to dismiss, citing Rule 12(b)(5) for lack of appropriate service—along with any other Rule 12 grounds he chooses to raise—so that it can be briefed in accordance with ordinary motion procedures.

**3.** A third and independent problem with Beck's motion is that, because Beck has missed his deadline to respond to the complaint, he must also file a motion nunc pro tunc for an extension of time. Plaintiff's counsel has already indicated to Beck's counsel (by email on Monday, Jan. 19) that Mr. O'Hara will consent to 30-day extension to give Beck a chance to litigate on the merits.

But Beck has not yet sought or obtained this relief from the Court.

\* \* \*

For any or all of these reasons, the Court should reject Defendant Beck's proposed order, without prejudice to Defendant Beck's seeking an extension nunc pro tunc and raising his color-of-law argument via motion to dismiss.

A proposed order is attached.

Dated: January 21, 2026

Respectfully submitted,

*/s/ Scott Michelman*
Scott Michelman (D.C. Bar No. 1006945)
Michael Perloff (D.C. Bar No. 1601047)
American Civil Liberties Union Foundation
of the District of Columbia
529 14th Street NW, Ste. 722
Washington, D.C. 20045
Tel: (202) 601-4267
smichelman@acludc.org

*Counsel for Plaintiff*

3